IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 26, 2014

**STATE OF TENNESSEE v. JAMES MELTON**

**Appeal from the Circuit Court for Anderson County**
**No. A9CR0121, A9CR0938, B0C00017      William E. Lantrip, Judge**

_____

**No. E2013-01629-CCA-R3-CD-FILED-APRIL 16, 2014**

_____

The Defendant-Appellant, James Melton, appeals the trial court's revocation of his probation and reinstatement of his original six-year sentence in the Department of Correction. On appeal, Melton argues that the trial court based its decision on improper evidence and refused to admit proper evidence. The State responds that there is substantial evidence in the record to support the trial court's order of revocation. Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JEFFREY S. BIVINS and ROGER A. PAGE, JJ., joined.

J. Thomas Marshall, Jr., District Public Defender; and Nancy Meyer, Assistant District Public Defender, Clinton, Tennessee, for the Defendant-Appellant, James Melton.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; David S. Clark, District Attorney General; and Sandra Donaghy, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On November 18, 2010, the Defendant-Appellant, James Melton, entered guilty pleas in the Anderson County Circuit Court to one count of prescription fraud and one count of possession of drug paraphernalia in case number A9CR0121; three counts of forgery in case number A9CR0938; and one count of aggravated burglary in case number B0C00017. He received an effective six-year sentence, which was suspended to supervised probation.

On October 29, 2012, a violation of probation warrant was issued alleging that Melton failed to: report to his probation officer on December 13, 2010; contact or report since November 30, 2010; enroll in the HOPE treatment program; pay court costs and fines; pay restitution to the victim Bank of America, Lake City Branch; complete the Anderson County Drug Court Program; and provide a biological specimen for DNA analysis.

The warrant also alleged that Melton was arrested in Loudon County on June 13, 2012, and in Knox County on October 3, 2012, for driving with a suspended license; that he failed to appear in Loudon County on July 25, 2012; that he did not inform the arresting officer in Knox County of his status as a probationer at the time of his arrest; and that he did not report his two arrests to his probation officer.

On June 17, 2013, an amended warrant was issued which incorporated the prior warrant and further alleged the following violations: that Melton had not reported to his probation officer since April 30, 2013; that he did not attend AA/NA meetings twice a week or turn in attendance logs as required; that he tested positive for Suboxone on April 30, 2012; that he owed $502 in monthly supervision and criminal injuries fees; and that he had failed to pay restitution and still owed $455.

At the June 28, 2013 revocation hearing, Probation and Parole Officer Lynnea Pinkham testified that she began to supervise Melton when he was placed on probation in November 2010. She said that he failed to report to her on December 13, 2010, and that he had no contact with her since November 30, 2010. She stated that Melton also failed to enter the HOPE Halfway House as required under his plea agreement. Officer Pinkham further testified that Melton was admitted to drug court but that "[h]e stopped attending about a month later" and failed to complete the program. She said that, on March 26, 2013, Melton made one payment of $30 in restitution to the Bank of America in Lake City, Tennessee, but he still owed $455 in unpaid restitution. She said he had not paid any courts costs or fines at the time the amended warrant was issued in June 2013. She stated that Melton eventually complied in providing a DNA sample in 2013.

Officer Pinkham agreed that she filed an amended probation violation affidavit on October 29, 2012, after learning that Melton was arrested in Loudon County on June 13, 2012, and in Knox County on October 3, 2012, for driving with a suspended license.[1] She said that Melton did not inform her of these arrests as required under the terms and conditions of his probation. Officer Pinkham filed the second amended affidavit on June 27, 2013, because Melton had not reported to her since April 30, 2013. She stated that Melton

---

[1] Defense counsel objected on the grounds that the charges were unresolved, which the trial court overruled.

did not comply with the requirement of attending AA or NA meetings twice a week and that he did not provide proof of any attendance. She said Melton tested positive for Suboxone on April 30, 2013. She further testified that he had failed to pay his monthly supervision and criminal injury fees and owed $502. She said Melton had only participated in probation "a brief few months here and there."

On cross-examination, Officer Pinkham testified that Melton had participated in probation "[f]or no more than five or six months." She said that she adjusted the amount of supervision fees that Melton owed to the State and that she knew he was working and had an income. She stated that Melton had provided her with only one paystub. Officer Pinkham said Melton informed her that he had attended a Suboxone clinic and that the medication was prescribed by Richard E. Stohlein.[2] She said she was aware of one prescription for Suboxone film that had been filled on August 10, 2012. Officer Pinkham stated that Melton was taken off the waiting list at the HOPE Halfway House when he began the drug court program. She said she contacted HOPE House and learned that Melton had not followed up with a phone call as instructed. On redirect examination, Officer Pinkham said Melton was ordered to pay a fine of $150 after he pled guilty to possession of drug paraphernalia.

Chadwick Shane May, a patrol officer with the Knox County Sheriff's Office, testified that he initiated a traffic stop with Melton on October 3, 2012. He said that Melton only provided an identification card. After a records check, Officer May confirmed that his driver's license was suspended. He also learned that Melton had an outstanding warrant in Loudon County.[3] Officer May then took Melton into custody.

Peter McGinley testified, over the objection of the defense, that he was a patrol supervisor with the Loudon County Sheriff's Office and that he came into contact with Melton on June 15, 2012. Officer McGinley said he had noticed a vehicle in a campground parking lot with expired registration. He said Melton did not provide a driver's license or identification. After a records check, Officer McGinley found that Melton's license had been suspended. He cited Melton for driving with a suspended license. He did not cite Melton for a violation of registration. On cross-examination, Officer McGinley stated that Melton had an upcoming court date in Loudon County for the charge of driving with a suspended license. He agreed that there was a presumption of innocence for the charge.

---

[2] Defense counsel offered into evidence a document stating that Melton had completed his Suboxone treatment in March 2012. The State objected on the grounds that the document was unreliable hearsay. The trial court sustained the State's objection.

[3] Defense counsel made a continuing objection to the testimony of the arresting officer, asserting that arrests were inadmissible without a proof of conviction. The State responded that the arresting officer could testify as to his personal knowledge of the event. The trial court overruled the objection.

James Melton testified that he went to several NA and AA meetings and that he did turn in an attendance log. He said he had attended meetings at the Hope Center in Oak Ridge and at Recovery Strategies in Knoxville. He stated that he had lost the log and so he provided his probation officer with an attendance log written on notebook paper. He said he had very little income during this time and that he worked briefly at Arby's earning $150 a week. At the time, Melton lived with his parents and sister. He said he had a prescription for Suboxone and that he attended a Suboxone clinic after he left drug court. Melton testified that he left drug court "because [he] panicked when [he] failed a drug test." He said he tested positive because of the prescribed medicine. He stated that he had called HOPE Halfway House several times and was never informed that there was a bed available. Melton agreed that there was a time he was reporting to his probation officer and that he was making an effort to pay restitution.

Melton further testified that his vehicle registration was not expired when Officer McGinley stopped him. He said he had been stopped because the license plate had a tinted cover on it. Melton said he understood the strict requirements of the community corrections program and that he would participate if sentenced to community corrections. He testified that he panicked when he failed his test for drug court and that "jail scared [him] to death." He considered community corrections his last chance "to stay clean and actually get some help and do the right thing." Melton stated that he had a job with a private contractor if released into the community and that he could live with either his mother or sister.

At the conclusion of the revocation hearing, the trial court revoked Melton's probation and ordered him to serve his original sentence in confinement, with credit for time served. In support of its decision, the trial court stated:

> The Court finds by a preponderance of the evidence that there has been repeated and continued non compliance [sic] with the conditions of probation. I find that he's failed to report except for short periods of time. He has failed to complete the drug court or to do any of the requirements set forth in the conditions of probation. In addition, that there have been subsequent arrests for which no report was made to the State. Finding by a preponderance of the evidence, the Court finds that the probation is revoked and the defendant is remanded to the State for service of the sentence imposed in the criminal court proceedings.

It is from this order that Melton now timely appeals.

**ANALYSIS**

On appeal, Melton argues that the trial court erred in admitting evidence of new charges without convictions. He also asserts that the court erred in refusing to admit into evidence a letter from Melton's physician confirming that he had completed drug treatment. He contends that "[b]ecause the lower court based its decision on improperly admitted evidence and compounded this error by refusing to consider reliable and exculpatory hearsay, the decision to revoke [Melton's] probation should be reversed and an order should enter placing him on Community Corrections for the balance of his sentence." The State responds that there is substantial evidence in the record to support the trial court's order of revocation. We agree with the State.

After determining that a defendant "has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence, and . . . [c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with § 40-35-310[.]" T.C.A. § 40-35-311(e). Probation revocation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling absent an abuse of that discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). In order to establish an abuse of discretion, the defendant must show "that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Harkins, 811 S.W.2d at 82 (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)). Once the trial court has made the finding that a violation of probation has occurred, it has the discretion to order the defendant to: (1) serve the original sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999) (citations omitted); see T.C.A. §§ 40-35-308, -310, -311.

Melton has failed to demonstrate that the trial court abused its discretion in revoking his probation and reinstating his original sentence of incarceration. At the outset, it is undisputed that Melton did not complete the drug court program and that he tested positive for drug use while on probation. Through his own testimony, Melton admitted that "the whole reason of leaving drug court was because [he] panicked when [he] failed a drug test." The record also supports a finding that Melton did not regularly report to his probation officer or fully pay the restitution that he owed. Officer Pinkham testified that Melton had "reported only a handful of times" and that he "did not pay more than $30 of restitution in three-and-a-half years." She also stated that Melton did not report his two arrests to her, even

-5-

though he was required to do so. Although Melton asserts that the trial court erred in admitting evidence of new charges without convictions, we note that compliance with State law is an automatic condition of probation. State v. Stubblefield, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997); T.C.A. § 40-35-311(a). "A mere accusation, standing alone, is not sufficient to justify revocation . . . [t]he state is required to present at least some fact which would permit the trial court to make a conscientious and intelligent judgment as to the violation." State v. Toussiant D. Turner, No. 01C01-9901-CC-00007, 1999 WL 787526, at *2 (Tenn. Crim. App. Oct. 5, 1999); see also State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) ("The trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision."); Harkins, 811 S.W.2d at 83, n.3. Here, the State presented evidence through the testimony of two arresting officers who had personally observed that Melton had violated a State law. This proof was sufficient to allow the trial court to make an intelligent judgment for the revocation of probation. See, e.g., Toussiant D. Turner, No. 01C01-9901-CC-00007, 1999 WL 787526, at *2 (holding that officer testimony was sufficient for the trial court to find by a preponderance of the evidence that the probationer had committed another offense); see also State v. Andrew B. Edwards, No. W1999-01095-CCA-R3-CD, 2000 WL 705309, at *3 (Tenn. Crim. App. May 26, 2000) (holding that the State must present testimony to establish the probationer's commission of another offense), perm. app. dismissed (Tenn. Sept. 11, 2000).

Notwithstanding Melton's evidentiary objections, the record contains substantial evidence to support the conclusion of the trial court that a violation of a probation had occurred. Once the trial court determined that Melton violated the terms of his probation, it was authorized "to cause execution of the defendant's original judgment as it was originally entered." Hunter, 1 S.W.3d at 647 (citing T.C.A. § 40-35-310). Although Melton argues that he should be placed on community corrections, this court has repeatedly held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01–9711–CC–00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999), perm. app. denied (Tenn. June 28, 1999). Based on the record, we cannot conclude that the trial court abused its discretion in revoking Melton's probation and ordering him to serve his original sentence in confinement. Accordingly, he is not entitled to relief.

## CONCLUSION

Upon our review, we affirm the judgment of the Anderson County Circuit Court.

_____

CAMILLE R. McMULLEN, JUDGE